# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| STEVEN E. OVENDEN, | * | |
| | * | No. 19-117V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: May 3, 2023 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Expert Rates |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

Thomas W. Costello, Costello, Valente & Gentry, Brattleboro, VT, for Petitioner; Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 25, 2022, petitioner Steven Ovenden moved for final attorneys' fees and costs. He is awarded **$76,338.98**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On January 23, 2019, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine Mr. Ovenden received on December 7, 2017, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer encephalitis and cerebral venous thrombosis. Following alternative dispute resolution meetings, the parties filed a stipulation on November 2, 2021, which the undersigned adopted as his decision awarding compensation on November 3, 2021. 2021 WL 5578151.

On February 25, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests $83,747.50 in attorneys' fees and $23,459.20 in costs for a total request of $107,206.70. Fees App. at 4. Pursuant to General Order No. 9, petitioner has indicated she has not incurred any costs related to the prosecution of her petition. Id. at 33. On March 11, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on March 17, 2022, reiterating his belief that the requested attorneys' fees and costs are reasonable.

\*   \*   \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of his counsel: for Thomas Costello, $325.00 per hour for all work performed in this matter, from 2019 to 2022, and for Mr. Adam Waite, $250.00 per hour for all work performed, also from 2019 to 2022. Upon review, the undersigned finds these rates to be reasonable and shall award them herein.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that an overall reduction to the hours billed is necessary for several reasons. First, there is a general issue of vagueness with many of the billing entries. Mr. Costello billed several hours at the beginning of the case on "Research" or "Prepare case" without describing what he was researching. Given that this is Mr. Costello's first Vaccine Program case, this time could be construed as either researching his client's case (which would be eligible for reimbursement) or researching the nature and procedures for filing a petition before this Court or otherwise learning about the Vaccine Program (which is not eligible for reimbursement). Additionally, many billing entries simply say "Read email" without describing what e-mail is actually

being read or what the subject is. Special masters have previously decreased an award of attorneys' fees for vagueness. Mostovoy v. Sec'y of Health Human Servs., No. 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb.4, 2016); Barry v. Sec'y of Health and Human Servs., 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl.Ct. 751, 760 (1989). Petitioners bear the burden of documenting the fees and costs claimed. Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mast. July 27, 2009).

Second, there is a large amount of time billed on interoffice communication. This communication, denoted in the billing records as a "Skull Session" or some variant thereof, comprises over 100 billing entries, and further interoffice communication is in the form of emails between Mr. Costello, Mr. Waite, and a firm paralegal. In the Vaccine Program, assigning multiple attorneys to work on a case is disfavored due to the inefficiencies created in what are not typically procedurally complex cases. See Sabella, 86 Fed. Cl. at 214–15; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013); Soto v. Sec'y of Health & Human Servs., No. 09–897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); Carcamo v. Sec'y of Health & Human Servs., No. 97–483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011). Moreover, special masters have historically reduced attorneys' fees due to excessive interoffice communication between attorneys and paralegals. Skinner-Smith v. Sec'y of Health & Human Servs., No. 14-1212V, 2022 WL 2452384, at *3 (Fed. Cl. Spec. Mstr. Jun 9, 2022) (noting that "[h]istorically, Special Masters have denied requests for fees related to internal communications between attorneys and paralegals at the same firm."); Nichols v. Sec'y of Health & Human Servs., No. 08-654V, 2018 WL 4391064, at * 2 (Fed. Cl. Spec. Mstr. Aug. 21, 2018) (reducing fees for "excessive billing for sending and receiving emails separately."); Tarsell v. Sec'y of Health & Human Servs., No. 10-251V, 2018 WL 3989452, at *3 (Fed Cl. Spec. Mstr. July 31, 2018) (explaining that "[b]illing for intra-office communication is unreasonable and excessive."). Taken as a whole, the undersigned finds that the amount of interoffice communication in this case is excessive.

Third, attorneys' and paralegals billed time for administrative tasks such as filing documents, calendaring dates, and printing materials. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." Doe/11 v. Sec'y of Health & Human Servs., No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." Rochester v. United States, , 18 Cl. Ct. 379, 387 (1989); Dingle v. Sec'y of Health & Human Servs., No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." Mostovoy v. Sec'y of Health Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb.4, 2016) (citing Rochester, 18 Cl. Ct. at 387).

Finally, there are individual line items which present an unreasonably high amount of time billed for their completion. Over 10 hours were spent on preparing the petition, a four-page document. On April 15, 2020, over 1 hour was billed on preparing a simple one-page status report. Fees App. Ex. 2 at 51. The same thing occurred again on July 6, 2020. Mr. Costello spent 5 hours on one day preparing for a routine status conference with the Court and attending that conference. Id. at 45.

For all these reasons, the undersigned finds that a 25% overall reduction is necessary to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is awarded final attorneys' fees of $62,810.63.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $23,459.20 in costs. Most of this amount ($22,925.00) is for work performed by petitioner's medical expert, Dr. Lawrence Jenkyn (a neurologist). The remainder of the costs are for postage, photocopies, and the Court's filing fee.

Upon review, Dr. Jenkyn's hours billed are reasonable. Although his billing entries fall a bit short of the undersigned's preferred level of detail (block-billed entries of 7.0 hours for literature research and 14.5 hours on report preparation with no further explanation of what literature was being researched or which part of the report was being drafted), the total number of hours billed (32.75) are broadly reasonable for reviewing medical records, preparing two reports, and reviewing Respondent's report.

Dr. Jenkyn's proposed hourly rate of $700.00 per hour, however, is not reasonable. Petitioner has not submitted any evidence supporting the reasonableness of this rate and, in the undersigned's experience, no special master has ever found such a high rate to be reasonable for a neurologist performing expert work in the Vaccine Program. The undersigned has previously analyzed at length the range of reasonable hourly rates for neurologists. See Abbott v. Sec'y of Health & Human Servs., No. 14-907V, 2020 WL 8766524 (Fed. Cl. Spec. Mstr. Dec. 4, 2020). In the instant case, based upon the undersigned's consideration of the necessary factors, including Dr. Jenkyn's CV and the quality of his submitted work product, $400.00 is a reasonable hourly rate. Therefore, a reasonable amount for Dr. Jenkyn's work is $13,100.00.

Concerning the remainder of the requested costs, the undersigned finds the costs for photocopies and the Court's filing fee to be reasonable. However, petitioner has failed to provide any supporting documentation for the postage costs and accordingly those costs cannot be reimbursed.

Petitioner is therefore awarded final attorneys' costs of $13,528.35.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a lump sum of **$76,338.98** (representing $62,810.63 in attorneys' fees and $13,528.35 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Mr. Thomas Costello.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
